UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Denon D. Carson, Jr., | ) | C/A No. 4:13-1988-TMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Cecilia Reynolds; | ) | |
| Jerry Washington, and | ) | |
| Philips Riggins, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff, Denon D. Carson, Jr., filed this action under 42 U.S.C. § 1983[1] on July 22, 2013, alleging various claims for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The Plaintiff is an inmate currently housed at the Kershaw Correctional Institution ("KCI").

Defendant Associate Warden Jerry Washington filed a motion for summary judgment on December 20, 2013, along with a memorandum and exhibits in support of said motion. (Document #35). Because Plaintiff is proceeding <u>pro se</u>, he was advised on or about December 20, 2013, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant Washington's motion for summary judgment could result in the dismissal of his complaint. The Plaintiff filed a response on January 31, 2014, and submitted additional attachments on February 3, 2014. (Docs. #46 and #47).

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

## DISCUSSION

### ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

Plaintiff alleges that Defendant Riggins placed another inmate in Plaintiff's cell even though Defendant Riggins knew there was a conflict. Plaintiff alleges he was injured in a fight with the other inmate. Plaintiff alleges that he informed Defendant Riggins of the conflict with the other inmate prior to the inmate being placed in Plaintiff's cell. However, Plaintiff does not make any allegations against Defendant Associate Warden Washington except as follows, quoted verbatim:

> I told Sgt. P. Riggins before he put this inmate in room. That we couldn't be together We had conflict before I stated this to Sgt. P. Riggins on Dec. 14th 20012 but Sgt. P. Riggins still put the inmate in Room #40 Write this information about this conflict that I'am have with inmates at Kershaw because of this Officer Sgt. P. Riggins and Warden Cecilia Reynolds and Warden Jerry Washington, didn't not remove from this conflict that is serious. Warden Cecilia Reynolds and Warden Jerry Washington, Officer Sgt. Philips Riggin's refusing to protected from my problem with conflict.

(Complaint, p. 3-4).

It appears the only allegations that Plaintiff makes against Defendant Washington is that he did not remove the inmate from Plaintiff's cell thereby failing to protect him. Thus, it appears Plaintiff has named Defendant Washington because of his supervisory role as an Associate Warden.

Defendant Washington argues that he is entitled to summary judgment as Plaintiff has failed to allege facts entitling him to relief against Defendant Washington based on supervisory liability.

### STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972);

2

Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317.  Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would

apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## **ANALYSIS**

Summary judgment should be granted with respect to Defendant Washington because the allegations in the Complaint fail to state a plausible § 1983 claim for indifference to a risk of harm and/or supervisory liability against him.

<u>Supervisory liability</u>

Even viewing the Complaint in the light most favorable to Plaintiff, and liberally construing the Complaint, Plaintiff has failed to plead sufficient allegations to state a claim against Defendant Washington. At most, Plaintiff has alleged Washington is liable in his individual capacity under a theory of supervisory liability. Because there is no doctrine of respondeat superior in § 1983 claims, Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a defendant is liable in his individual capacity only for his personal wrongdoing or supervisory actions that violated constitutional norms, see Shaw v. Stroud, 13 F.3d 791, 799 (4th

Cir.1994) (setting forth elements necessary to establish supervisory liability under § 1983). A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).

Plaintiff has not alleged that he ever reported to Defendant Washington that there was a conflict between the Plaintiff and this other inmate, has not alleged that Defendant Washington had any prior knowledge of the cell transfer, and has not alleged that Defendant Washington participated in any way in having the inmate transferred to Plaintiff's cell. Plaintiff has failed to allege that there was an "affirmative causal link" between Defendant Washington's alleged inaction and the alleged injury suffered by the Plaintiff. Accordingly, Plaintiff has failed to plead facts sufficient to establish that Defendant Washington is liable under a theory of supervisory liability.

Risk of Harm

As to any allegations by Plaintiff that Defendant Washington was indifferent to a risk of harm and failed to protect him, the allegations fail. The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). However, "[n]ot every injury suffered by a prisoner at the hands of another establishes liability against a prison official...." Brown v. N.C.

Dep't of Corrs., 612 F.3d 720, 723 (4th Cir.2010). The Fourth Circuit stated in Bacchus v. Scarborough as follows:

> To establish a claim for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir.2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard an objectively serious ... risk of harm." Id. A showing of mere negligence does not qualify as deliberate indifference. Davidson v. Cannon, 474 U.S. 344, 347, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999).

466 Fed. Appx. 269, 271 (4th Cir.2012). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Farmer, 511 U.S. at 837.

Here, Plaintiff has failed to show that Defendant Washington had actual knowledge that the inmate placed in his cell posed a substantial risk of harm to the Plaintiff, and that he disregarded that risk. See Baze v. Rees, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420, (2008) (noting that the Eighth Amendment protects against a risk of future harm that is " 'sure or very likely to cause serious illness and needless suffering' ") (quoting Helling v. McKinney, 509 U.S. 25, 33, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)). Plaintiff has failed to make a showing that Defendant Washington wantonly and obdurately failed to take precautions for his safety or showed deliberate indifference to a specific known risk of harm, that he was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that he also drew the inference. Farmer,

supra; Rich v. Bruce, 129 F.3d 336 (4th Cir.1997) ("A defendant is not subjectively reckless where, although he is aware of the existence of a general risk, he is unaware that his conduct is inappropriate in light of that risk. True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."). Based on the evidence before this court, there is not sufficient evidence to create a genuine issue of material fact that Defendant Washington was deliberately indifferent to Plaintiff's risk of harm.[2]

## ELEVENTH AMENDMENT IMMUNITY

Defendant Washington contends that the Plaintiff's §1983 claims against him for money damages in his official capacity are barred pursuant to Eleventh Amendment Immunity. Defendant also argues that the action against him should be dismissed as a matter of law to the extent that he is sued in his official capacity because while acting in his official capacity as an employee of the SCDC, he is not a "person" under 42 U.S.C. §1983 and, therefore, not subject to suit.

When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may

---

[2] Assuming Defendant Washington actions were some how deemed indicative of negligence, a showing of mere negligence will not meet the deliberate indifference standard. Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). Neither the Fourteenth Amendment Due Process Clause, Davidson v. Cannon, 474 U.S. 344, 347, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), nor Eighth Amendment, Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir.1991) is violated by negligent failure to protect inmates from violence.

be granted, damages may not be awarded against the state.

In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity (cites omitted) or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments and officials are entitled to the Eleventh Amendment immunity. Will, supra at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself, and therefore, against the state. State officials may only be sued in their individual capacities.

There is no dispute that Defendant Washington was/is an employee of the SCDC at the time of the allegations in the complaint. Thus, he is entitled to Eleventh Amendment immunity from monetary damages in his official capacity.

## **CONCLUSION**

Based on the above reasoning, it is recommended that the motion for summary judgment by Defendant Washington (doc. #35) be GRANTED.

                                                  s/Thomas E. Rogers, III  
                                                  Thomas E. Rogers, III  
                                                  United States Magistrate Judge  

March 20, 2014  
Florence, South Carolina  

**The parties' attention is directed to the important notice on the next page.**