UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Denon D. Carson, Jr., | ) | C/A No. 4:13-1988-TMC-TER |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Cecilia Reynolds, Jerry Washington, | ) | |
| Phillip Riggins, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.  PROCEDURAL BACKGROUND

The Plaintiff, Denon D. Carson, Jr., proceeding *pro se*, filed this action under 42 U.S.C. § 1983[1] on July 22, 2013. Plaintiff  is a prisoner in the custody of the South Carolina Department of Corrections (SCDC) and housed at the Kershaw Correctional Institution. Plaintiff seeks monetary damages and injunctive relief. Defendants[2] Reynolds and Riggins filed a motion for summary judgment (hereinafter "Defendants") on April 1, 2014. (Doc. #55). Because Plaintiff is proceeding *pro se*, he was advised on or about April 4, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendants' motion for summary judgment could result in dismissal of his complaint. Plaintiff failed to respond. On June 19, 2014, Plaintiff was given an additional ten days to respond to Defendants' motion for summary judgment. The Plaintiff filed

_____

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

[2] Defendant Washington was granted summary judgment on April 10, 2014.

a one page response on June 27, 2014, and a one page document entitled motion for summary judgment on August 14, 2014.  (Docs.  #83 and #87).

## II.  DISCUSSION

## A.  STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.   If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317.  Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the

fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.


### B.  ARGUMENT OF PARTIES/ANALYSIS

Plaintiff alleges Defendants violated his constitutional rights by failing to protect him when Defendant Riggins placed another inmate in his cell while aware of a conflict between the two. This alleged failure to protect arises due to an incident that occurred on December 14, 2012, between Plaintiff and the inmate that was placed in his cell. Further, Plaintiff alleges a claim of medical indifference.

3

Defendants argue they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies, Eleventh Amendment immunity, failure to state a claim, qualified immunity, respondeat superior, and mootness.

## Exhaustion

Defendants argue that they are entitled to summary judgment due to Plaintiff's failure to exhaust his administrative remedies prior to filing this action.  Section 1997e(a) of the PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner has not exhausted all of his administrative remedies by "failing to follow the required steps so that remedies that once were available to him no longer are." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir.2008). Exhaustion requires that the prisoner utilize all available procedures so that prison officials have the opportunity to remedy the situation administratively. Id. The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 524, 532 (2002) (internal citations and quotations omitted). The exhaustion requirement applies even if the relief sought in the civil action is not available in the administrative proceedings. See Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Exhaustion is a prerequisite to suit that must be completed prior to filing an action. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir.2005).

Defendants argue that Plaintiff's Step 2 Appeal with regard to the grievance alleging a failure to protect due to an incident on December 14, 2012, is still pending. Defendants submitted the

4

affidavit of Ann Hallman, Branch Chief of Inmate Grievances with the South Carolina Department of Corrections (SCDC). (Hallman affidavit, doc. #55-4). Hallman attests that she reviewed the SCDC inmate grievance records concerning the Plaintiff and that he filed ten grievances between December 14, 2012, and July 22, 2013, at Kershaw Correctional Institute. (Id.). Out of the ten grievances, he filed one that referenced an alleged failure to protect from an incident with Defendant Riggins and another inmate on December 14, 2012 (KRCI-1891-12), which was filed on December 18, 2012. (Id.). It was denied on February 1, 2013, and it was determined that further investigation was not warranted. (Id.). Plaintiff appealed the denial and filed a Step 2 grievance on February 27, 2013, which "is currently pending."[3] (Id.). Hallman's review indicates that neither KRCI-1891-12 nor any subsequent grievances filed by Plaintiff referenced allegations against Defendant Reynolds, from an alleged incident on December 14, 2012. (Id.).

Several circuits have held that a grievance may be considered exhausted under the PLRA when a prisoner files a grievance but has not received a timely determination. Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir.2004) ("[A]dministrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance."); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir.2002) ("[T]he failure [of prison officials] to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable."); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir.2002) (stating that prison's failure to timely respond renders administrative remedies unavailable); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir.2001) ("[O]nce [the prison] failed to respond to [the prisoner's written grievance], no further administrative proceedings were 'available' to him."); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir.1999) (per curiam) ("A prisoner's administrative remedies are deemed exhausted when a valid grievance has

---

[3] Hallman's affidavit was dated January 30, 2014. (Doc. #55-4).

been filed and the state's time for responding thereto has expired."). <u>See</u> <u>McMichael v. Pate</u>, 2014 WL 793070 (D.S.C. Feb. 24, 2014).

In the instant action, Plaintiff filed a Step 1 Grievance on December 18, 2012, alleging a failure to protect from an incident with Defendant Riggins and another inmate on December 14, 2012. Plaintiff's Step 1 Grievance was reviewed and denied on February 1, 2013. Plaintiff filed a Step Two Grievance on February 27, 2013. At the time Plaintiff filed this action on July 22, 2013, no response had been given to Plaintiff's Step 2 Grievance. More than 140 days had elapsed between the time Plaintiff filed his Step 2 grievance and the time he filed this action. Hallman's affidavit dated January 30, 2014, stated that there had been no response to Plaintiff's Step 2 grievance. In their memorandum for summary judgment filed April 1, 2014, Defendants assert that Plaintiff's Step 2 grievance was still pending. Defendants have not asserted or presented anything to show that an extension of time to process the Grievance was granted or that some exception applies and has not provided the Court with evidence regarding deadlines under the prison grievance policy with regard to responding to a Step 2 grievance. Thus, for summary judgment purposes, Plaintiff has shown genuine issues of material fact as to whether Defendant Riggins hindered his ability to exhaust his administrative remedies. Based on the evidence, Plaintiff did not file a grievance against Defendant Reynolds. Accordingly, it is recommended that Defendants' motion for summary judgment based on Plaintiff's failure to exhaust prison administrative remedies be granted as to Defendant Reynolds and denied as to Defendant Riggins with regard to the risk of harm claim.

Additionally, Defendants assert Plaintiff's claims of medical indifference fail for failure to exhaust his administrative remedies. <u>See</u> Hallman affidavit and attached documents. As to allegations of medical indifference by named Defendants, it is recommended that the claim be dismissed for failure to exhaust administrative remedies. Based on the documents submitted by

Hallman, it does not appear that Plaintiff filed a Step 1 and/or Step 2 grievance against Defendants based on the allegations of medical indifference.

**Risk of Harm**

Plaintiff's claim of indifference to a risk of harm pursuant to the Eighth Amendment as to any of the Defendants fails. To hold a prison official liable under the Eighth Amendment, the prison official must know of and disregard an excessive risk to inmate health or safety. The Supreme Court has defined "deliberate indifference" in the context of the liability of physical injury to an inmate. In analyzing case law, the court concluded that deliberate indifference must be something more than mere negligence, but less than purposeful or knowing conduct. The court held: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Actual knowledge or awareness on the part of the alleged inflicter thus becomes essential to proof of deliberate indifference because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment." Brice v. Virginia Beach Correctional Center, 58 F.3d 101, 105 (4th Cir.1995).

Defendants submitted the affidavit of Philips Riggins ("Riggins") who attests that he is an employee of the SCDC and currently holds the position of Sergeant at KRCI. (Doc.#67-1). Riggins acknowledges that an incident occurred on or about December 14, 2012, involving the Plaintiff, but he is unable to determine what specific facts and/or allegations Plaintiff has made against him. (Id.). On or about December 14, 2012, Riggins was on duty in the Special Management Unit (SMU) at KRCI when an incident occurred involving Plaintiff for which he now alleges that Defendants failed to protect him from the risk of harm caused by having another inmate placed in his cell. (Id.).

Riggins attests that at no time did he cause or attempt to cause any injuries that were allegedly sustained by Plaintiff in an incident that allegedly occurred on or about December 14, 2012. (Id.). Riggins attests that at no time has he been deliberately indifferent to any serious need of Plaintiff and has not been deliberately indifferent to a substantial risk of serious harm to Plaintiff. (Id.). At no time did Riggins fail to protect Plaintiff from any injuries that were allegedly sustained in an incident that allegedly occurred on or about December 14, 2012. (Id.).

Defendants submitted the affidavit of Cecilia Reynolds "Reynolds" who attests that she is employed by the SCDC and is the Warden at KRCI. (Reynolds' affidavit, doc. #55-5). Reynolds asserts that she has reviewed the complaint and while familiar with Plaintiff, she is unable to determine what specific allegations Plaintiff has made against her. (Id.). Reynolds avers that she understands that an incident occurred on or about December 14, 2012, involving the Plaintiff and another inmate for which Plaintiff alleges Defendants failed to protect him from the risk of harm caused by having another inmate placed in his cell. (Id.). Since the alleged incident on December 14, 2012, a Separation Requirement was entered into SCDC's Offender Management System for the Plaintiff and the other inmate allegedly involved. (Id.). On or about February 1, 2013, Reynolds denied Plaintiff's grievance number KRCI-1891-12 concerning the alleged incident asserting that after reviewing all pertinent information and documentation no evidence was found to support Plaintiff's allegations that Defendant Riggins placed the inmates together with knowledge of a potential conflict. (Id.). Reynolds attests that at all times mentioned in the complaint, she acted within the scope of her employment as an employee with the SCDC and exercised the discretion necessary to carry out her duties as an employee of the SCDC and as the Warden of KRCI. (Id.). At no time did she knowingly violate any of Plaintiff's constitutional rights and at no time did she fail to protect Plaintiff from any injuries that were allegedly sustained in an incident that allegedly

occurred on or about December 14, 2012. (Id.). Reynolds avers that she has not at any time been deliberately indifferent to any serious need of Plaintiff or to a substantial risk of harm and is not aware of any staff or other employee that has been deliberately indifferent. (Id.).

As to any claim Plaintiff is attempting to raise with regard to an Eighth Amendment risk of harm claim, Plaintiff fails to make a showing that any Defendant acted with deliberate indifference to his safety. Plaintiff has failed to make a showing that any Defendant wantonly and obdurately failed to take precautions for his safety or showed deliberate indifference to a specific known risk of harm, that any official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference. Farmer, supra; Rich v. Bruce, 129 F.3d 336 (4th Cir.1997) ("A defendant is not subjectively reckless where, although he is aware of the existence of a general risk, he is unaware that his conduct is inappropriate in light of that risk. True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."). Plaintiff has presented no evidence to show that any named Defendant was deliberately indifferent to a known risk of harm to him from the inmate that was placed in his cell that he had an altercation with on December 14, 2012.

Additionally, if Plaintiff is attempting to hold Defendant Reynolds liable for the actions of her employees with regard to the claim of failure to protect, the claim fails. Under the doctrine of respondeat superior, an employer or supervisor is not liable for the acts of their employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978) and Fisher v. Washington Metro Area Transit Authority, 690 F. 2d 1133, 1142-43 (4th Cir. 1982).

**Medical Indifference**

As discussed above under the exhaustion section, it is recommended that Defendants' motion for summary judgment be granted with respect to allegations of medical indifference for failure to exhaust administrative remedies.

In the alternative, the claims of medical indifference as to the Defendants fail on the merits. Plaintiff has not presented any evidence that Defendants were actually personally involved with the denial of medical treatment, that they interfered in any way with the prison physicians' care of the inmate, or that they did not implicitly authorize and was not indifferent to a constitutional violation of the prison doctor.

As to allegations of medical indifference as to Defendants who are non-medical personnel, the claims fail.[4] The Fourth Circuit has held that to bring a claim alleging the denial of medical

---

[4] In the case of  Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976). Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> . . . a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit considered the issue of medical indifference issue in the case of  Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990).  In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citation omitted), . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851. Unless medical needs were serious or life threatening, and the Defendant was deliberately and intentionally indifferent to those needs

treatment against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. <u>Miltier v. Beorn</u>, 896 F.2d 848 (4th Cir.1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. <u>Id</u>. Under these principles, the Plaintiff has not alleged sufficient facts stating any claim actionable under § 1983 regarding his medical treatment against non-medical personnel. In this case, Defendants provided medical records revealing that Plaintiff was seen in the mental health clinic after requesting to receive medication for mental health, the prescription for which had been discontinued for several years. It was determined by medical that he did not need mental health medications and/or he had a history of drug use and failed to follow recommendations for anger management. <u>See</u> Doc. # 55-3, p. 25-encounter #93; p. 26-encounter #86; p. 29-encounter #73; p. 30-encounter #70; p. 31-#encounter 66; and p. 35-#encounter 34. Thus, it is recommended that summary judgment be granted to Defendants [5] on the allegations of medical indifference.

---

of which he was aware at the time, the plaintiff may not prevail. <u>Estelle, supra</u>; <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994); <u>Sosebee v. Murphy</u>, 797 F.2d 179 (4th Cir. 1986).

      Further, incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. <u>Estelle v. Gamble</u>, <u>supra</u>. Negligence, in general, is not actionable under 42 U.S.C. § 1983. See <u>Daniels v. Williams</u>, 474 U.S. 327, 328-36 & n. 3 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 345-48 (1986); <u>Ruefly v. Landon</u>, 825 F.2d 792, 793-94 (4th Cir.1987); and <u>Pink v. Lester</u>, 52 F.3d 73, 78 (4th Cir. 1995) (applying <u>Daniels vs. Williams</u> and <u>Ruefly v. Landon</u>: "The district court properly held that <u>Daniels</u> bars an action under § 1983 for negligent conduct."). Similarly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. <u>DeShaney v. Winnebago County Department of Social</u> <u>Services</u>, 489 U.S. 189, 200-03 (1989); <u>Estelle v. Gamble</u>, <u>supra</u>, at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

[5] If Plaintiff is attempting to hold any of the Defendants liable for the actions of their employees, the claim fails. Under the doctrine of <u>respondeat superior</u>, an employer or supervisor is not liable for the acts of their employees, absent an official policy or custom which results in illegal action. <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978) and <u>Fisher v. Washington Metro</u> <u>Area Transit Authority</u>, 690 F. 2d 1133, 1142-43 (4th Cir. 1982).

**Injunctive Relief**

Defendants argue that summary judgment should be granted as the claims are rendered moot because of the Separation Requirement/Caution Notice entered into the SCDC's Offender Management System on January 11, 2013. (Defendants' exhibit 1 at 5). Defendants assert that, in his grievances and complaint, Plaintiff requested a separation notice be entered and that the other inmate in question be kept away from him. Defendants contend that the Separation Requirement/Caution Notice was issued on January 11, 2013, so that Plaintiff no longer has a legally cognizable interest in a judicial decision on the merits of his claims because his claims for relief are moot.[6]

Any claims for injunctive relief[7] by Plaintiff that a Separation Requirement/ Caution notice be entered into the SCDC system so that he cannot be roomed with the other inmate again are moot. Claims for injunctive and declaratory relief become moot when a prisoner is no longer subjected to the condition complained of. Williams v. Griffin, 952 F.2d 820, 825 (4th Cir. 1991); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983).

**Qualified Immunity**

Defendants deny that any of the alleged conduct or conditions complained of by Plaintiff gives rise to a constitutional violation. However, Defendants assert that, even if this Court concludes that the facts are sufficient to establish a Constitutional claim, they are entitled to qualified immunity.

---

[6] Plaintiff fails to make a showing of the likelihood of repetition. Additionally, decisions relating to the day-to-day operation of prisons are entrusted to the officials of the particular institution or correctional system. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed. 813 (1983).

[7] Plaintiff has also requested monetary damages in the relief portion of his complaint.

> The doctrine of qualified immunity attempts to reconcile two potentially conflicting principles: the need to deter government officials from violating an individual's federal civil rights and the need for government officials to act decisively without undue fear of judicial second guessing.

Akers v. Caperton, 998 F.2d 220, 225-26 (4th Cir. 1993).

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether Defendant is protected by this immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does
> not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

In a discussion of qualified immunity, the Court of Appeals for the Fourth Circuit stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994) (internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, the Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. However, even if there was a violation, Defendants are entitled to qualified immunity. Thus, the undersigned recommends that summary judgment be granted as to these Defendants.

**Eleventh Amendment Immunity**

The Defendants contend that the Plaintiff's §1983 claims against them for money damages in their official capacity are barred pursuant to Eleventh Amendment Immunity.  Defendants also argue that the action against them should be dismissed as a matter of law to the extent that they are sued in their official capacity because while acting in their official capacity as an employee of the SCDC they are not a "person" under 42 U.S.C. §1983 and, therefore, not subject to suit.

When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest.  If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution.  Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state.

In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity (cites omitted) or unless Congress has exercised its undoubted power under  § 5 of the Fourteenth Amendment to override that immunity.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments and officials are entitled to the

Eleventh Amendment immunity. <u>Will</u>, <u>supra</u> at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself, and therefore, against the state. State officials may only be sued in their individual capacities.

There is no dispute that Defendants were/are employees of the SCDC at the time of the allegations in the complaint. Thus, they are entitled to Eleventh Amendment immunity from monetary damages in their official capacity.

### Pendent Jurisdiction

Assuming Plaintiff's § 1983 claim is dismissed by this Court and Plaintiffs' complaint somehow can be conceived to state an additional claim for relief under any state common law theory, the undersigned concludes that such claim(s), if any, ought to be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

### III. CONCLUSION

The Plaintiff has failed to show that Defendants violated any of his constitutional or statutory rights under 42 U.S.C. § 1983. It is therefore, for the reasons stated herein,

RECOMMENDED that the motion filed by Defendants (document #55) for summary judgment be GRANTED IN ITS ENTIRETY and the case dismissed.

IT IS FURTHER RECOMMENDED that any outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 21, 2014
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**